UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. VANG, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:00-CV-6496-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>(Doc. 140)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER REQUIRING DEFENDANT TO AMEND ANSWER<br><br>(Docs. 141 and 148) |

I.    Order

    A.    Plaintiff's Motion to Amend

Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 72, 2004, pursuant to Federal Rule of Civil Procedure 15, plaintiff filed a motion seeking to add three new defendants to this action. (Doc. 140.) Defendant Broome ("defendant") filed an opposition on October 12, 2004, and plaintiff filed a reply on October 26, 2004. (Docs. 144, 149.) Plaintiff is attempting to name three new defendants and contends that he first learned of their true identities via discovery in August of 2004.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,

1

a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a). In this case, a responsive pleading has been served. Therefore, plaintiff may not file an amended complaint without leave of the court.

Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statues of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued, the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

The incident at issue in this action occurred on April 4, 2000. Thus, plaintiff had until April 4, 2003, to bring suit. Unless the amendment is found to relate back to September 15, 2000, the date this suit was filed, plaintiff's claim against the three new proposed defendants is barred by the statute of limitations and plaintiff may not amend to add the new parties. Fed. R. Civ. P. 15(c).

///

Pursuant to Rule 15(c),

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complain, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c)(2) does not apply, as plaintiff is attempting to add new defendants rather than add new claims against the current defendant arising out of the same event. With respect to Rule 15(c)(1), California law allows a plaintiff who is ignorant of the name of a defendant at the time suit is filed to use a fictitious name and then later amend when the defendant's true name is discovered.[1] Cal. Civ. Proc. § 474 (West 2005). Such substitution is permitted up to three years after the commencement of the action. Cal. Civ. Proc. § 583.210 (West 2005); Kreines v. United States, 959 F.2d 834, 837 (9th Cir. 1992); Mike Silverman & Assoc. v. Drai, 659 F.Supp. 741, 744 (C.D. Cal. 1987). In light of the fact that more than three years have passed since the filing of the complaint, plaintiff is precluded from amending pursuant to Rule 15(c)(1) to add the three new defendants under California's doe defendant practice. Cal. Civ. Proc. § 583.210 (West 2005).

With respect to Rule 15(c)(3), the intent is "'to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party.'" G. F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F3d 1498, 1503 (9th Cir. 1994) (quoting Kilkenny v. Arco Marine Inc., 800 F.2d 853, 857-58 (9th Cir. 1986)). Although the Ninth Circuit has not ruled on the issue, the weight of authority is that relation back under Rule 15(c) does not apply to the substitution of a named defendant for a doe defendant, because lack of knowledge of identity is not a mistake in identity. Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999) (lack of knowledge of identity not a mistake concerning identity); Baskin v. City of Des Plaines, 138 F.3d

---

[1] The effect of Rule 15(c)(1) is to cause federal courts to defer to more liberal state law, if applicable. JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:455(2005).

3

1  701, 704 (7th Cir. 1998) (no relation back where there is a lack of knowledge of the proper party);
2  Jacobsen v. Osborne, 133 F3d 315, 320-21 (5th Cir. 1998) (no relation back allowed for Doe
3  defendant because there was no mistake in identity); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.
4  1996) (substituting a Doe defendant is a change in party not a substitution of party, so no relation
5  back); Barrow v. Wethersfield Police Dept., 74 F.3d 1366,470 (2d Cir. 1996) (no relation back under
6  15(c) to add defendants who were not named originally because their identities were unknown),
7  modified 74 F.3d 1366 (2d Cir. 1996); ( Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993)
8  (no relation back where failure to name defendants due to lack of knowledge of their identities and
9  not  a mistake in their names); Skoog v. Clackamas County, No. 00-1733-MO, 2004 WL 102497,
10 *8 (D.Or. 2004) (no relation back for Doe defendants); Butler v. Robar Enters. Inc., 208 F.R.D. 621,
11 623-24 (C.D.Cal. 2002) (no relation back to name Doe defendants); but see Varlack v. SWC
12 Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977) (replacing doe with party's real name is a change
13 in party within meaning of Rule 15(c)); Brink v. First Credit Res., 57 F.Supp.2d 848, 855-57 (D.Az.
14 1999) (mistake may be satisfied when plaintiff later learns of defendant's identity after statute of
15 limitations has run).

16      In this instance, plaintiff was unaware of the doe defendants' identities.  Because plaintiff's
17 "lack of knowledge was not an error, a misnomer, or a misidentification, his amendment does not
18 come within Rule 15(c)(3)(B)." Wayne, 197 F.3d at 1103.  As such, in accordance with the majority
19 opinion, plaintiff may not avail himself of Rule 15(c)(3) to substitute newly named defendants for
20 doe defendants.  Plaintiff's claims against defendants Lara, Sutakul, and Flores are barred by the
21 statute of limitations, and plaintiff's motion seeking leave to amend is therefore denied.

22      B.      Plaintiff's Motion for an Order Requiring Defendant to Amend Answer

23      On September 29, 2004, plaintiff filed a motion entitled "Notice Motion and Motion to
24 Compel a Reply to Plaintiff's Amended Complaint."  (Doc. 141.)  Defendant filed a statement of
25 conditional non-opposition on October 14, 2004, and plaintiff filed a reply on October 26, 2004.[2]
26 (Docs. 147, 148.)

---

[2] Although entitled "Motion to Further Compel Reply to Plaintiff's Amended Complaint," the filing is a reply to defendant's opposition.

In his motion, plaintiff is seeking a court order requiring defendant to file an amended answer to his amended complaint. In his statement of conditional non-opposition, defendant concedes that his general denial is probably insufficient in federal court, and submits a proposed amended answer in which specific admissions or denials are added. In his reply, plaintiff contends that the proposed amended answer is still deficient.

As defendant correctly notes, plaintiff did not move for relief via a recognized motion. A motion to compel is not the proper vehicle by which to cause defendant to amend his answer. Indeed, as also noted by defendant, the Federal Rules of Civil Procedure do not provide for the remedy sought by plaintiff. Nonetheless, since it is clear what plaintiff seeks, defendant is willing to amend and has submitted a proposed amended answer, and the court can resolve the issue without undue burden, the court will address plaintiff's motion.

An answer shall contain "in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b). The function of the answer "is to put the case 'at issue' as to all important matters alleged in the complaint that the defendant does not want to admit." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:197 (2005).

Defendant's answer to plaintiff's amended complaint falls short of the requirements set forth in Rule 8(b). Defendant has conceded as much and submitted a proposed amended answer curing the deficiencies. Plaintiff's continued objection to the amended answer as deficient is without merit.

"If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." Fed. R. Civ. P. 8(b). Thus, defendant's responses to paragraphs 2, 5, 7, 10, 12, 15, 19-29, 33, 35-40, 43, 45, 49, and 51 are adequate under Rule 8. Further, plaintiff's claims involving his mental health care are no longer at issue in this action.

Accordingly, plaintiff's motion shall be granted in part in that defendant's answer falls short of compliance with Rule 8. Plaintiff's motion shall be denied to the extent that plaintiff seeks to cause defendant to further amend his proposed amended answer. Defendant shall file his proposed amended answer with the court within fifteen days from the date of service of this order.

  C. <u>Order</u>

1. Plaintiff's motion to amend to add new defendants, filed September 27, 2004, is DENIED;

2. Plaintiff's motion for an order requiring defendant to file an amended answer, filed September 29, 2004, is GRANTED in part and DENIED in part; and

3. Within **fifteen (15) days** from the date of service of this order, defendant shall file his proposed amended answer.

IT IS SO ORDERED.

**Dated: July 7, 2005**         /s/ Sandra M. Snyder
icido3              UNITED STATES MAGISTRATE JUDGE