IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY BUFORD, | ) | NO. CV-F-00-6496 REC/SMS P |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | SUPPLEMENTAL MOTION FOR |
| Plaintiff, | ) | APPLICATION FOR A RULE 54(b) |
| | ) | ORDER (Doc. 169) AND DENYING |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | RECONSIDERATION AND FOR |
| | ) | APPLICATION OF 28 U.S.C. |
| DR. VANG, et al., | ) | 1292(b) RULING AND/OR |
| | ) | APPLICATION OF COLLATERAL |
| | ) | ORDER (Doc. 170) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

On June 8, 2005, plaintiff filed a "Motion for Permission to File a Late Notice of Appeal for Order(s) (Docs. 70, 90, 109, 120, 134 and 143) Due to Change of Address and Ineffective Service of Orders." (Doc. 167).[1]

---

[1] Although plaintiff's motion refers to documents no. 70, 90, 120 and 143 as "orders", these documents are defendant's motions. Doc. No. 109 is the Magistrate Judge's findings and recommendations regarding the motions filed as Docs. 70 and 90, which recommended that these defense motions be denied. This court adopted these findings and recommendations by Order filed on February 8, 2005 as Doc. 158. Therefore, there is no basis for plaintiff to appeal to

1

1    By Order filed on June 14, 2005, the United States
2 Magistrate Judge denied this motion.  (Doc. 168)
3    On June 24, 2005, plaintiff filed a "Supplemental Motion ...
4 for Permission to File a Late Notice of Appeal for Orders (Docs.
5 70, 90, 109, 120, 134 and 143) and Application for a Rule 54(b)
6 Order."  (Doc. 169).
7    On July 5, 2005, plaintiff timely filed a "Motion for
8 Reconsideration and For Application of 28 U.S.C. 1292(b) Ruling
9 and/or Application of Collateral Order."  By this motion,
10 plaintiff seeks reconsideration of the June 14, 2005 Order
11 denying plaintiff's motion for an extension of time to file a
12 late appeal.
13    The court denies plaintiff's motion for reconsideration.
14 The Order of the Magistrate Judge is neither clearly erroneous or
15 contrary to law.
16    The court also concludes that the rulings plaintiff seeks to
17 appeal are not subject to the collateral order doctrine.  The
18 Order filed on February 8, 2005 as Doc. 158 ordered that the
19 Magistrate Judge issue an order to show cause why plaintiff
20 should not be sanctioned for the bad faith conduct described in

---

22 Docs. 70 and 90 or Doc. 109.  It is apparent from the docket that
plaintiff actually was seeking leave to file a late notice of
23 appeal of this court's Order filed as Doc. 158.  Doc. 134 is an
order resolving various discovery matters.  Plaintiff sought
24 reconsideration of these rulings, which motion for reconsideration
was denied by the court on February 8, 2005 as Doc. 159.
25 Therefore, the court concludes that plaintiff's motion intended to
seek leave to file a late notice of appeal in connection with Docs.
26 158 and 159.

2

1 the findings and recommendation filed as Doc. 109.  The Order
2 filed on February 8, 2005 as Doc. 160 denied plaintiff's request
3 for reconsideration (Doc. 120) of a sanction order.  Sanction
4 orders are not immediately appealable under the collateral order
5 doctrine.  See <u>Cunningham v. Hamilton County</u>, 527 U.S. 198
6 (1999); <u>Cato v. Fresno County</u>, 220 F.3d 1073 (9th Cir. 2000).
7 The court's Order filed on February 8, 2005 as Doc. 159 denied
8 reconsideration of the Magistrate Judge's rulings issued on
9 September 15, 2004 as Doc. 134 denying plaintiff's request for
10 relief from the limitation on interrogatories set forth in Rule
11 33(a), Federal Rules of Civil Procedure.  In view of the strong
12 policy against piecemeal appeals, interlocutory review of
13 discovery orders is highly disfavored.  <u>United States v. Nixon</u>,
14 418 U.S. 683, 690-691 (1974).  Discovery orders are not final
15 appealable orders under 28 U.S.C. § 1291, and courts have refused
16 interlocutory review of such orders under the collateral order
17 doctrine.  In <u>United States v. Zone</u>, 403 F.3d 1101, 1106-1107
18 (9th Cir. 2005), the Ninth Circuit holds that interlocutory
19 appeals are appropriate for those discovery requests that seek
20 information to establish that a statutory or constitutional right
21 not to be tried.  Here, plaintiff's discovery requests do not
22 meet this criteria and, therefore, the collateral order doctrine
23 is inapplicable.
24     The court also denies plaintiff's request to certify these
25 orders for immediate appeal under Rule 54(b), Federal Rules of
26 Civil Procedure and 28 U.S.C. § 1292(b).  The court concludes

3

that plaintiff has not made the showing required for certification of these rulings for immediate appeal under either Rule 54(b) or Section 1292(b).

ACCORDINGLY:

1. Plaintiff's "Supplemental Motion ... for Permission to File a Late Notice of Appeal for Orders (Docs. 70, 90, 109, 120, 134 and 143) and Application for a Rule 54(b) Order" is denied.

2. Plaintiff's "Motion for Reconsideration and For Application of 28 U.S.C. 1292(b) Ruling and/or Application of Collateral Order" is denied.

IT IS SO ORDERED.

**Dated: August 15, 2005**                    **/s/ Robert E. Coyle**
668554                                         UNITED STATES DISTRICT JUDGE