# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUFORD,<br><br>               Plaintiff,<br><br>   v.<br><br>DR. VANG, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:00-CV-6496-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION RE AMENDED ANSWER AND WAIVER OF AFFIRMATIVE DEFENSES, WITH PREJUDICE<br><br>(Doc. 190) |

On October 20, 2005, plaintiff Buford ("plaintiff") filed a motion entitled "Notice Motion and Motion for Judicial and Evidetiary Estoppel as Waiver of all Defendants [sic] Affirmative Defenses to Plaintiffs [sic] Frist [sic] Amended Complaint and Motion to Have Waived all Unresponsive Defenses, and Rule 60 Determination and Motion for Default Judgment." Plaintiff's motion is baseless and shall be denied.

Defendant Broome ("defendant") was personally served by the United States Marshal on November 7, 2002. (Doc. 44.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), defendant's response to the amended complaint was due on or before November 27, 2002. Defendant filed an answer to the amended complaint on December 3, 2002. (Doc. 45.) As set forth in greater detail in a separate order issued concurrently with this order, default was neither sought nor entered prior to the date defendant filed his answer. Therefore, defendant was not and is not in default.

On September 29, 2004, almost two years after defendant filed his answer, plaintiff filed a motion to compel defendant to amend his answer. (Doc. 141.) Defendant filed a statement of conditional non-opposition with a proposed amended answer and plaintiff filed a reply asserting that

the proposed amended answer was still deficient. (Docs. 147, 148.) On July 8, 2005, the court granted plaintiff's motion in part in that the original answer fell short of compliance with Rule 8, but denied plaintiff's motion to the extent that plaintiff sought to cause defendant to further amend his proposed amended answer. (Doc. 171.) The court ordered defendant to file his proposed amended answer with the court within fifteen days, which defendant did. (Id.) Both defendant, in his statement of conditional non-opposition to plaintiff's motion, and the court, in its order, recognized that plaintiff did not move for relief via a recognized motion, as a motion to compel is not the proper vehicle by which to cause defendant to amend his answer, and that the Federal Rules of Civil Procedure do not provide for the remedy sought by plaintiff. (Docs. 147, 171.) Defendant, in agreeing to amend his answer despite the fact that plaintiff had no basis upon which to demand the relief he sought, acted in good faith. Plaintiff, by continuing to take issue with the amended answer, is not.

Plaintiff himself caused an amended answer to be filed by raising the issue and demanding that defendant be compelled to amend his answer. Plaintiff now asks the court to find that he has been harmed by the filing of the amended answer and to deem defendant's affirmative defenses waived. The court declines to do so. Plaintiff's position is utterly untenable.

Plaintiff complains defendant has prejudiced him by adding new affirmative defenses. The affirmative defenses set forth in the amended answer are identical to the affirmative defenses set forth in the original answer. It is therefore untrue that new affirmative defenses were added and the court finds that plaintiff's contention to the contrary is in bad faith.

The original answer contained a general two sentence denial. This insufficient general denial was the basis for plaintiff's request that defendant amend his answer. The amended answer was altered to include fifty-seven separately enumerated paragraphs of admissions, denials, and allegations. By necessity, it follows that it is these additions that plaintiff now quibbles with.

A party who affirmatively and voluntary comes before this court to request a form of relief will not be permitted to later complain that the relief he sought and won caused him prejudice and therefore entitles him to new and different relief. Abusive litigation tactics such as that displayed in the instant motion will not be tolerated. By first causing the amendment at issue to occur and then

1 claiming to be aggrieved by the amendment, plaintiff has wasted this court's time and the
2 defendant's time. It is clear that the court's warnings to plaintiff to conduct himself properly and in
3 good faith have fallen on deaf ears. (E.g., docs 108, 109, 158.) Plaintiff is either unable or unwilling
4 to (1) make the distinction between sound motions based on good faith and groundless motions that
5 serve only to vex and harass this court and defendant, and (2) make tactical decisions accordingly.

6     For the foregoing reasons, plaintiff's motion is HEREBY DENIED, with prejudice. Further,
7 because the motion is frivolous, plaintiff will, in a separate order, be ordered to show cause why
8 sanctions should not be imposed. No motions for reconsideration of this order directed to the
9 undersigned will be entertained.

11 IT IS SO ORDERED.

12 **Dated:   October 31, 2005**             /s/ Sandra M. Snyder
   icido3                                          UNITED STATES MAGISTRATE JUDGE