# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BUFORD,

Plaintiff,

v.

DR. VANG, et al.,

Defendants.

/

CASE NO. 1:00-CV-6496-REC-SMS-P

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 155)

ORDER DENYING MOTION SEEKING LEAVE TO AMEND

(Doc. 183)

ORDER DENYING MOTION TO AMEND SCHEDULING ORDER

(Doc. 182)

I. Order

A. Motion for Appointment of Counsel

Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 8, 2004, in his opposition to defendant's motion for a protective order, plaintiff sought the appointment of counsel. (Doc. 155.) This action is proceeding on plaintiff's amended complaint, filed September 6, 2001, against defendant Broom on plaintiff's section 1983 excessive force claim, and on plaintiff's state law claims of assault and battery, and intentional infliction of emotional distress.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional

circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily.

The court cannot make a determination that plaintiff is likely to succeed on the merits. Terrell, 935 F.2d at 1017. Further, despite plaintiff's assertions to the contrary, plaintiff's excessive force and state law claims are not particularly complex. Id. Finally, plaintiff has filed twenty-two cases in the United States District Court from the Eastern District of California to date.[1] Plaintiff's litigation history in the Eastern District of California and in this action belies plaintiff's assertion that he is incapable of prosecuting this action. To the contrary, plaintiff is an enthusiastic litigant who is more than capable of articulating his claims pro se. Id. Therefore, plaintiff's motion for the appointment of counsel, filed December 8, 2004, shall be denied.

B. Motion to Amend to Add New Claims Against New Parties

On August 22, 2005, plaintiff filed a motion seeking leave to amend to add new claims against new parties. (Doc. 183.) Defendant filed an opposition to the motion on September 1, 2005, and plaintiff filed a reply on September 16, 2005. (Docs. 184, 186.)

---

[1] In addition to the instant action, plaintiff filed the following cases in this district: CV-S-99-1444 Buford v. Employees of Solano, CV-S-99-1502 Buford v. Employees of Solano (closed May 3, 2000 as duplicative of case number CV-S-99-1444), CV-S-99-1972 Buford v. Cullison, CV-F-00-5284 Buford v. Bell, CV-F-00-5542 Buford v. Fresno County Jail, CV-F-00-6206 Buford v. Gray, CV-F-01-5007 Buford v. Rivera, CV-F-01-5192 Buford v. Wasco State Prison, CV-F-02-5265 Buford v. Hicks, CV-F-02-5313 Buford v. Haggie, CV-F-02-5788 Buford v. Cleveland, CV-F-02-5906 Buford v. People of California (transferred to Sacramento Division on August 7, 2002 and assigned case number CV-S-02-1675), CV-F-02-5997 Buford v. Bozwell, CV-F-02-6187 Buford v. Mounts, CV-S-02-1675 Buford v. People of California, CV-F-03-6138 Buford v. Ott, CV-F-04-5543 Buford v. Pharmacy Manager, CV-F-04-5555 Buford v. Grant, CV-F-04-5564 Buford v. Amtrak Station, CV-F-04-5565 Buford v.City of Fresno, and CV-F-06-00080 Buford v. Fresno County Sheriff's Dept.

Plaintiff seeks to add Doctor Vang, the Jail Assessment Team, Akioyame, and the County and/or City of Fresno as defendants. Plaintiff's proposed claims against these individuals and entities arose from events that occurred between February and April of 2000. Although the proposed new claims and parties are different, this motion revisits issues decided by the court in its order of July 8, 2005, in which the court denied plaintiff's previous motion seeking leave to amend. (Doc. 171.)

In his motion, plaintiff asserts that this action was stayed by the filing of defendant's motion for an order declaring plaintiff a vexatious litigant, and was stayed by the court. Plaintiff contends that the action was disabled during those times and the disability precluded plaintiff from adding new claims and defendants.

As set forth by the court in its order of July 8, 2005,

> Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued, the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).
>
> In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:
>
> > (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.
>
> The incident at issue in this action occurred on April 4, 2000. Thus, plaintiff had until April 4, 2003, to bring suit. Unless the amendment is found to relate back to September 15, 2000, the date this suit was filed, plaintiff's claim against the three new proposed defendants is barred by the statute of limitations and plaintiff may not amend to add the new parties. Fed. R. Civ. P. 15(c).

(Doc. 171, 2:5-27.)

Plaintiff had three years from the date his claims accrued within which to file suit. The events complained of by plaintiff allegedly occurred between February and April 2000. Depending on the event and claim, plaintiff had between February and April 2003 within which to file suit. Assuming that this action was stayed when defendant filed his motion on September 29, 2003, see Cal. Civ. Proc. § 391.6 (West 2006) (filing of vexatious litigant motion stays proceedings until after resolution of the motion), and acknowledging that this action was stayed by the court on December 8, 2004, the stays are irrelevant. The statute of limitations had long since run by the time those stays occurred. Further, to the extent that plaintiff is attempting to argue that his releases from and returns to custody allowed for some type of tolling, his argument is without merit. Plaintiff's disability caused by his incarceration entitled him to a two year tolling period under California law, and that tolling period has already been counted by the court.

Because plaintiff cites to Federal Rules of Civil Procedure 15(c)(1) and (c)(2), it appears that plaintiff is relying on those rules to allow his proposed new claims to relate back to the date this action was filed. This issue, too, was addressed by the court in its order of July 8, 2005. The court stated that

> pursuant to Rule 15(c),
>
> > An amendment of a pleading relates back to the date of the original pleading when
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complain, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> Rule 15(c)(2) does not apply, as plaintiff is attempting to add new defendants rather than add new claims against the current defendant arising out of the same event. With respect to Rule 15(c)(1), California law allows a plaintiff who is ignorant of the

name of a defendant at the time suit is filed to use a fictitious name and then later amend when the defendant's true name is discovered.[2] Cal. Civ. Proc. § 474 (West 2005). Such substitution is permitted up to three years after the commencement of the action. Cal. Civ. Proc. § 583.210 (West 2005); Kreines v. United States, 959 F.2d 834, 837 (9th Cir. 1992); Mike Silverman & Assoc. v. Drai, 659 F.Supp. 741, 744 (C.D. Cal. 1987). In light of the fact that more than three years have passed since the filing of the complaint, plaintiff is precluded from amending pursuant to Rule 15(c)(1) to add the three new defendants under California's doe defendant practice. Cal. Civ. Proc. § 583.210 (West 2005).

With respect to Rule 15(c)(3), the intent is "'to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party.'" G. F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F3d 1498, 1503 (9th Cir. 1994) (quoting Kilkenny v. Arco Marine Inc., 800 F.2d 853, 857-58 (9th Cir. 1986)). Although the Ninth Circuit has not ruled on the issue, the weight of authority is that relation back under Rule 15(c) does not apply to the substitution of a named defendant for a doe defendant, because lack of knowledge of identity is not a mistake in identity. Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999) (lack of knowledge of identity not a mistake concerning identity); Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998) (no relation back where there is a lack of knowledge of the proper party); Jacobsen v. Osborne, 133 F3d 315, 320-21 (5th Cir. 1998) (no relation back allowed for Doe defendant because there was no mistake in identity); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (substituting a Doe defendant is a change in party not a substitution of party, so no relation back); Barrow v. Wethersfield Police Dept., 74 F.3d 1366,470 (2d Cir. 1996) (no relation back under 15(c) to add defendants who were not named originally because their identities were unknown), modified 74 F.3d 1366 (2d Cir. 1996); ( Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993) (no relation back where failure to name defendants due to lack of knowledge of their identities and not a mistake in their names); Skoog v. Clackamas County, No. 00-1733-MO, 2004 WL 102497, *8 (D.Or. 2004) (no relation back for Doe defendants); Butler v. Robar Enters. Inc., 208 F.R.D. 621, 623-24 (C.D.Cal. 2002) (no relation back to name Doe defendants); but see Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 174 (3d Cir. 1977) (replacing doe with party's real name is a change in party within meaning of Rule 15(c)); Brink v. First Credit Res., 57 F.Supp.2d 848, 855-57 (D.Az. 1999) (mistake may be satisfied when plaintiff later learns of defendant's identity after statute of limitations has run).

In this instance, plaintiff was unaware of the doe defendants' identities. Because plaintiff's "lack of knowledge was not an error, a misnomer, or a misidentification, his amendment does not come within Rule 15(c)(3)(B)." Wayne, 197 F.3d at 1103. As such, in accordance with the majority opinion, plaintiff may not avail himself of Rule 15(c)(3) to substitute newly named defendants for doe defendants. Plaintiff's claims against defendants Lara, Sutakul, and Flores are barred by the statute of limitations, and plaintiff's motion seeking leave to amend is therefore denied.

(Doc. 171, 3:1-4:21.)

///

---

[2] The effect of Rule 15(c)(1) is to cause federal courts to defer to more liberal state law, if applicable. JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:455(2005).

For the reasons set forth in the court's order of July 8, 2005, as reproduced in this order, neither Rule 15(c)(1) nor Rule 15(c)(2) apply to allow plaintiff's proposed new claims against new defendants to relate back to the original complaint. Accordingly, plaintiff's motion shall be denied, with prejudice.

In light of the facts that the court issued a ruling on a similar motion on July 8, 2005, and that the court set forth in that order the legal principles which are applicable to plaintiff's instant motion, the court finds the instant motion to be yet another example of plaintiff's abuse of the legal process, including unnecessary taxation of the resources of this court and the County of Fresno. In the instant motion plaintiff fails to acknowledge the prior order and its discussion of the statute of limitations, the tolling provision, and relation back, and fails to set forth any argument distinguishing the basis for adding these new claims and defendants from that of his previous unsuccessful attempt to add new claims and defendants.

Further, on March 28, 2002, plaintiff's due process, medical malpractice, and intentional infliction of emotional distress claims against defendant Vang, stemming from plaintiff's encounter with Vang on April 3, 2000, were dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted. (Docs. 28, 21.) Despite this ruling, plaintiff sought leave to amend to add due process and medical malpractice claims stemming from his encounter with Vang on April 3, 2000, without any acknowledgment that the claims were previously dismissed, with prejudice. (Doc. 22, Amend. Comp., ¶¶24-25, 48-51; Doc. 183, "Rule 15(c)(1) and (2) Amendment Adding New Claims and New Defendants," p. 3 ¶24(a), p. 4 ¶25(a), p. 6, ¶33(e).) It is this type of evasive maneuvering on the part of plaintiff which needlessly taxes the resources and patience of this court. Plaintiff sets forth no argument explaining or justifying his attempt to amend to add claims which were barred pursuant to a previous court order. In light of the previous dismissal of the claims against defendant Vang and the previous order denying plaintiff's motion for leave to amend to add new claims and parties, the court finds plaintiff's current motion to amend to be frivolous, abusive, and in bad faith.

///

///

C. Motion to Amend Scheduling Order

On August 18, 2005, plaintiff filed a motion seeking leave to amend the scheduling order. In a separate order issued concurrently with this order, the court ordered plaintiff to show cause why sanctions should not be imposed. The sanctions being considered are (1) a formal reprimand, (2) monetary sanctions, and (3) the preclusion of any further discovery and an order deeming the pleadings quieted, or (4) termination of this action. In light of the order to show cause, plaintiff's motion to amend the scheduling order shall be denied.

D. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed December 8, 2004, is DENIED;
2. Plaintiff's motion seeking leave to amend to add new claims against new defendants, filed August 22, 2005, is DENIED, with prejudice; and
3. Plaintiff's motion for the issuance of an amended scheduling order, filed August 18, 2005, is DENIED.

IT IS SO ORDERED.

**Dated: April 18, 2006** **/s/ Sandra M. Snyder**
icido3 UNITED STATES MAGISTRATE JUDGE