# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BUFORD,

        Plaintiff,

   v.

DR. VANG, et al.,

        Defendants.

CASE NO. 1:00-CV-6496-REC-SMS-P

ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST HIM FOR BAD FAITH CONDUCT

(Docs. 109, 193, and 194)

I.    Order to Show Cause

    A.    Sanctionable Conduct Set Forth in Findings and Recommendations

Plaintiff Timothy Buford ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 6, 2001, against defendant Broom under section 1983 for use of excessive physical force in violation of the Due Process Clause, and under California law for assault and battery and intentional infliction of emotional distress. (Docs. 22, 28, 31.) On June 23, 2004, the undersigned issued a Findings and Recommendations recommending, in relevant part, that plaintiff be ordered to show cause why monetary sanctions should not be imposed against him for his bad faith conduct relating to his opposition to defendant's motion for an order compelling him to re-serve his opposition to defendant's motion declaring plaintiff a vexacious litigant, , his failure to concede his erroneous position regarding service of the opposition, and his service of his April 9 request on a nonparty rather than on defendant's counsel. (Doc. 109.) On February 8, 2005, the Honorable Robert E. Coyle adopted the Findings and Recommendations in full. (Doc. 158.)

Accordingly, this order to show cause now issues.

The court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." Id. at 992. "[I]nherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

The following sanctionable acts were set forth in the Findings and Recommendations:

> In his reply [to plaintiff's opposition to his motion for a declaration of vexatiousness], defendant sets forth an additional incident he contends constitutes frivolous conduct. (Doc. 96.) On January 5, 2004, after learning that plaintiff filed an opposition to his vexatious litigant motion on December 5, 2003, defendant notified the court that he had not been served with the opposition and requested an order compelling plaintiff to serve his opposition on defendant. (Docs. 80-82.) On February 2, 2004, plaintiff filed an opposition to defendant's request for an order compelling him to re-serve his opposition. (Doc. 85.) On February 9, 2004, plaintiff filed a supplement to his opposition. (Doc. 86.) In his reply, defendant contends that plaintiff "obstinately" refused to re-reserve his opposition and argued frivolously that the record established he served defendant when in fact the record established that plaintiff served the Attorney General's Office. (Doc. 96, 2:9-15.) Plaintiff does not specifically address defendant's contention in his surreply. (Doc. 102.) Rather, plaintiff argues generally that he has always acted in good faith and has not intentionally disobeyed any court orders. (Id.)
>
> On March 12, 2004, after reviewing plaintiff's opposition and supplemental opposition, the court ordered plaintiff to re-serve his opposition on defendant's counsel. (Doc. 87.) The evidence submitted by plaintiff in support of his argument that he did in fact serve his opposition on defendant's counsel established that plaintiff served the opposition on the Attorney General's Office. (Id.) Defendant is represented, however, by the Fresno County Counsel's Office, not the Attorney General's Office. In his opposition to the motion to compel re-service, plaintiff

argued vehemently that he served his opposition on defendant's counsel, that defendant had ample time to file a reply, that "[p]laintiff should not be made to suffer the inactions of defendant," and that defendant's position was without merit. (Docs. 85, 86.) Plaintiff further argued that defendant should not be allowed to circumvent the Local Rules or mislead the court. (Doc. 86.) In support of his opposition, plaintiff submitted his prison mail log and highlighted the relevant sections of the log. (Doc. 86.)

Plaintiff's vehemence is remarkable given that the very sections highlighted by plaintiff demonstrate that plaintiff served the Attorney General's Office rather than the Fresno County Counsel's Office. It is plaintiff's position on this issue, not defendant's, that is wholly without merit. The erroneous service of the opposition to the vexatious litigant motion on the Attorney General's Office may well have been inadvertent. However, plaintiff's meritless position in his opposition to the motion to compel re-service that he served defendant's counsel, in the face of his own highlighted evidence demonstrating that he served the wrong person and the certificate of service attached to the opposition demonstrating that plaintiff was aware that defendant's counsel was Fresno County Counsel, constitutes bad faith. Moreover, plaintiff's inability or unwillingness to concede in his surreply that it was he, not defendant, who erred in this matter, is disturbing. Rather than concede that his position in his opposition to the motion to compel re-service was in error, plaintiff fails to address that particular argument set forth by defendant and argues instead generally that he has never acted in bad faith. Such a position, in the face of the record on this issue, constitutes bad faith in and of itself.

Defendant next contends that on April 28, 2004, he filed a motion to dismiss and notified the court that he had not been served with two more filings - plaintiff's request for an extension of time filed April 9, 2004, and plaintiff's notice of change of address filed April 22, 2004. (Docs. 91, 88, 89.) The court subsequently provided defendant's counsel with a copy of the request for an extension of time.[1] (Doc. 94.) Defendant's counsel contends that the certificate of service on the request again reflected service on the Attorney General's Office rather than on the County Counsel's Office. (Doc. 91.) Plaintiff does not address this argument in his surreply.

The certificate of service attached to plaintiff's April 9 request for an extension of time states that the filing was served on C. L. Picciano at the Attorney General's Office. (Doc. 88.) The certificate of service attached to the notice of change of address filed April 22 states that the filing was served on defendant's counsel at the Fresno County Counsel's Office. (Doc. 89.) It is unclear why defendant did not receive the notice of change of address. Based on the record before it, the court cannot simply conclude that plaintiff did not serve it and that the certificate of service contains a false statement. The notice may well have been lost in the mail. However, defendant's contention that he did not receive the request for an extension of time coupled with the fact that the attached certificate of service states that it was served on the Attorney General's Office allows the court to conclude that plaintiff did not serve the request on defendant's counsel and instead again erroneously served the Attorney General's Office.

---

[1] Defendant's counsel states that he was provided a copy of one of the two filings. The court ordered the Clerk's Office to provide counsel with copies of both filings and the certificate of service reflects that both were enclosed with the order. If, due to a clerical error, counsel did not receive the notice of change of address and wants a copy, he may so notify the court in writing.

3

> Plaintiff offers no defense for his action, choosing not to address the issue of service of the request specifically and to stick with his general assertion that he has never done anything wrong.[2] (Doc. 102.) In light of the fact that at the time plaintiff served his April 9 request, his previous error concerning service of his opposition on the Attorney General's Office rather than the County Counsel's Office had been brought to his attention in the court's order of March 12, 2004, plaintiff's conduct is tantamount to bad faith. Plaintiff may not continue to blithely make the same service errors after said service error has been brought to his attention.

(Doc. 109, 9:16-12:2)

After discussing the sanctionable conduct, the court then set forth what it considered to be appropriate sanctions for the conduct:

> With respect to the failure to serve the April 9 request on defendant's counsel after being notified by the court of a previous error of serving the wrong office, it is the opinion of the court that a formal reprimand and warning that if such a violation occurs again, monetary sanctions will be imposed is appropriate. With respect to the bad faith conduct stemming from plaintiff's opposition to defendant's request for an order compelling plaintiff to re-serve his opposition and failure in his surreply to concede that he had erred, it is the opinion of the court that this conduct merits monetary sanctions. At a minimum, plaintiff should be required to reimburse defendant's counsel for fees and costs incurred in seeking the order compelling plaintiff to re-serve his opposition on counsel. In addition, it is the opinion of the court that plaintiff should be fined for making false representations to the court in his opposition to defendant's motion to compel re-service, and for failing to concede his error and making false representations in his surreply.

(Doc. 109, 18:3-13.)

Accordingly, by this order plaintiff shall be provided with the opportunity to show cause why the sanctions set forth herein should not be imposed for the conduct set forth herein.

B.  Conduct Subsequent to Issuance of Findings and Recommendations and Order

Following the issuance of the Findings and Recommendations and Judge Coyle's order adopting the Findings and Recommendations, plaintiff engaged in further conduct that the court deems to be in bad faith.

1.  Motions for Entry of Default and Order Deeming Affirmative Defenses Waived

On October 20, 2005, plaintiff filed a motion seeking the entry of default and a motion seeking an order deeming defendant's affirmative defenses waived. (Docs. 188, 190.) In the motion

---

[2] For the sake of clarity of the record, the court points out that plaintiff did specifically reference service issues with respect to the notice of change of address and the opposition to the vexatious litigant motion. Plaintiff's surreply is silent, however, on the specific issue of service of the request for an extension of time.

4

seeking entry of default, plaintiff sought entry of default on the ground that defendant's answer had been filed several days late, despite the facts that defendant answered the amended complaint almost three years before plaintiff sought entry of default and plaintiff did not seek entry of default in the narrow window between when the answer was due and when it was filed. (Doc. 188.) The court found the motion to be frivolous, denied it with prejudice, and notified plaintiff that he would be ordered to show cause why sanctions should not be imposed. (Doc. 193.)

In the motion seeking to have defendant's affirmative defenses deemed waived, plaintiff sought relief on the basis that he had been harmed by defendant's amended answer, the filing of which had been prompted by plaintiff. (Doc. 190.) The court stated

> On September 29, 2004, almost two years after defendant filed his answer, plaintiff filed a motion to compel defendant to amend his answer. (Doc. 141.) Defendant filed a statement of conditional non-opposition with a proposed amended answer and plaintiff filed a reply asserting that the proposed amended answer was still deficient. (Docs. 147, 148.) On July 8, 2005, the court granted plaintiff's motion in part in that the original answer fell short of compliance with Rule 8, but denied plaintiff's motion to the extent that plaintiff sought to cause defendant to further amend his proposed amended answer. (Doc. 171.) The court ordered defendant to file his proposed amended answer with the court within fifteen days, which defendant did. (Id.) Both defendant, in his statement of conditional non-opposition to plaintiff's motion, and the court, in its order, recognized that plaintiff did not move for relief via a recognized motion, as a motion to compel is not the proper vehicle by which to cause defendant to amend his answer, and that the Federal Rules of Civil Procedure do not provide for the remedy sought by plaintiff. (Docs. 147, 171.) Defendant, in agreeing to amend his answer despite the fact that plaintiff had no basis upon which to demand the relief he sought, [has] acted in good faith. Plaintiff, by continuing to take issue with the amended answer, [has] not.
>
> Plaintiff himself caused an amended answer to be filed by raising the issue and demanding that defendant be compelled to amend his answer. Plaintiff now asks the court to find that he has been harmed by the filing of the amended answer and to deem defendant's affirmative defenses waived. The court declines to do so. Plaintiff's position is utterly untenable.
>
> Plaintiff complains defendant has prejudiced him by adding new affirmative defenses. The affirmative defenses set forth in the amended answer are identical to the affirmative defenses set forth in the original answer. It is therefore untrue that new affirmative defenses were added and the court finds that plaintiff's contention to the contrary is in bad faith.
>
> The original answer contained a general two sentence denial. This insufficient general denial was the basis for plaintiff's request that defendant amend his answer. The amended answer was altered to include fifty-seven separately enumerated paragraphs of admissions, denials, and allegations. By necessity, it follows that it is these additions that plaintiff now quibbles with.
>
> A party who affirmatively and voluntar[ily] comes before this court to request a form

5

> of relief will not be permitted to later complain that the relief he sought and won caused him prejudice and therefore entitles him to new and different relief. Abusive litigation tactics such as that displayed in the instant motion will not be tolerated. By first causing the amendment at issue to occur and then claiming to be aggrieved by the amendment, plaintiff has wasted this court's time and the defendant's time. It is clear that the court's warnings to plaintiff to conduct himself properly and in good faith have fallen on deaf ears. (E.g., docs 108, 109, 158.) Plaintiff is either unable or unwilling to (1) make the distinction between sound motions based on good faith and groundless motions that serve only to vex and harass this court and defendant, and (2) make tactical decisions accordingly.

(Doc. 194, 1:26-3:5.) The court found the motion to be frivolous, denied it with prejudice, and notified plaintiff that he would be ordered to show cause why sanctions should not be imposed.

Plaintiff was placed on notice via the court's orders issued on October 31, 2005, that the court was of the opinion that the motions were frivolous and that plaintiff acted in bad faith by making a false representation to the court. With respect to the motion for entry of default, the motion was egregiously untimely, having been filed almost three years after defendant filed his answer and was utterly baseless given that defendant already filed an answer. The motion seeking an order compelling defendant to amend his answer was filed almost two years after defendant filed his answer. Despite this, defendant agreed to amend his answer. In the order addressing those issues, the court rejected plaintiff's contention that the proposed amended answer was still deficient. (Doc. 171.) Despite this, plaintiff yet again took issue with the amended answer, misrepresenting the contents of the amended answer and then painting himself as the aggrieved party, prejudiced by the contents of the amended answer as misrepresented in his motion.

The court concludes that both the motion seeking entry of default and the motion seeking an order deeming defendant's affirmative defenses waived were filed in bad faith. The timing and the content of the motions are demonstrative of a plaintiff who pours over the entire case record repeatedly, mining it for any issue, new or old, to raise and/or rehash via motion, regardless of the timeliness, the meritoriousness, or the existence of any real prejudice to plaintiff. Accordingly, by this order, plaintiff will be provided with the opportunity to be heard regarding the conduct and the assessment of the sanctions, the form of which is discussed below in subsection 3.

2. <u>Motion to Amend to Add New Claims Against New Parties</u>

Finally, in a separate order issued concurrently with this order, the court denied plaintiff's

motion seeking leave to amend to add new claims against new parties. In light of the court's previous orders dismissing claims against defendant Vang, with prejudice, and addressing the statute of limitations, tolling, and relation back in response to a previous attempt by plaintiff to add new claims against new defendants, the court found plaintiff's failure to acknowledge the prior rulings and distinguish them from his current motion to be frivolous, abusive, and in bad faith. Plaintiff will be provided with the opportunity to show cause why sanctions should not be imposed, the form of which is discussed below in subsection 3.

### 3. Forms of Sanctions Under Consideration

On June 23, 2004, plaintiff was ordered by the court to pay $1,145.71 to the Fresno County Counsel's Office for failing to cooperate at and participate in his deposition. (Doc. 108.) Plaintiff sought reconsideration of the order, which effectively stayed the order until February 8, 2005, when Judge Coyle denied the motion for reconsideration. (Doc. 160.) On August 31, 2005, well beyond ninety days after plaintiff's motion for reconsideration was denied, defendant's counsel, in an opposition to a motion to amend, attested that plaintiff had yet to pay the sanctions award. (Doc. 184, Johnson Dec., ¶2.)

Thus, at this time there is an outstanding sanction award against plaintiff in the amount of $1,145.71, payment of which is long overdue, and plaintiff stands to be assessed additional costs, fee, and fines for the misconduct set forth in subsection A. Because plaintiff is proceeding in forma pauperis and is incarcerated, it is unlikely that plaintiff has funds available to pay fines and cost/fee sanctions. In light of this, monetary sanctions are essentially rendered a sanction of no consequence to plaintiff.

Further, despite having previously been caught by the court making a false misrepresentation concerning service of documents on defendant's counsel, as set forth in the Findings and Recommendations and reproduced in subsection A of this order, and being placed on notice that he was going to be required to show cause why a fine should not be assessed against him, plaintiff again made a false representation to the court in his motion to have defendant's affirmative defenses waived. Specifically, plaintiff asserted in his motion that defendant had set forth new affirmative defenses, thereby prejudicing him. A simple comparison between the original answer and the

amended answer revealed the assertion to be patently false.  Such conduct leaves little doubt that neither the actual award of monetary sanctions against plaintiff nor the threat of the award of monetary sanctions against him is sufficient to punish or deter plaintiff.

This leaves the court to consider which available sanctions would be adequate to redress the conduct.  The most drastic sanction available is termination of this action, with prejudice.  The court intends to consider imposition of this sanction.  The other sanction this court finds to be appropriate for consideration is the preclusion of any further discovery in this action, including relieving defendant of the obligation to respond to any outstanding discovery requests, and an order deeming the pleadings quieted.

C. <u>Conclusion</u>

By this order, plaintiff has been placed on notice of the reasons sanctions are being considered and of the potential forms of the sanctions.  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why he should not be sanctioned in the manner set forth in this order for the conduct set forth in this order;

2. Plaintiff's response to this order is limited to **ten (10) pages**, not including exhibits and plaintiff's declaration, if any;

3. If plaintiff's response brief is more than ten pages, not including exhibits and declarations, only the first ten pages will be read and considered;

4. Defendant has **thirty (30) days** from the date of service of plaintiff's response to this order within which to file his own response;

5. In his response brief, defendant shall set forth the fees and costs incurred in seeking the order compelling plaintiff to re-serve his opposition on counsel on January 5, 2004;

6. Defendant's response brief is also subject to a ten-page limit, not including exhibits and declarations, if any; and

7. There shall be no further responses beyond the one responsive brief each party is

1 permitted to file.

2

3 IT IS SO ORDERED.

4 **Dated:    April 18, 2006**                    **/s/ Sandra M. Snyder**
  icido3                                UNITED STATES MAGISTRATE JUDGE